# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JULIET G.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | No. ED CV 23-01017-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Juliet G. appeals the ALJ's decision denying her claim for Social Security disability insurance benefits under Title II of the Social Security Act.[1] For the reasons set forth below, the ALJ's denial of benefits is affirmed, and this case is dismissed with prejudice.

## I.   BACKGROUND

Plaintiff applied for benefits on April 28, 2020, alleging disability beginning on July 1, 2016. See Dkt. 10, Administrative Record ("AR") 15, 293-94.[2] Her claims were denied at the initial level on December 29, 2020, and

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Citations to the AR are to the record pagination. All other docket

upon reconsideration on April 28, 2021. See AR 167-72, 174-79. Plaintiff received a hearing before an ALJ on March 14, 2022. See AR 37-102. The ALJ issued an unfavorable decision on May 13, 2022. See AR 12-36.

The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date through her date last insured (December 31, 2021). See AR 17. At step two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia; iron deficiency anemia; epicondylitis; conversion disorder; panic disorder; generalized anxiety disorder; and depression." AR 18. The ALJ also determined that Plaintiff had several non-severe impairments, including "hypertension; hyperlipidemia; history of pulmonary emboli; obesity, status post gastric bypass surgery; and a parotid lesion/mildly reactive lymph node." Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 19-20.

After considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional limitations:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently; can push and pull occasionally at or above the shoulder level with the left arm; can stand and walk for six hours of an eight-hour workday; can sit for six hours of an eight-hour workday; can occasionally stoop, climb ramps and stairs, balance, kneel, crawl and crouch, and can never climb ladders, ropes, and scaffolds. She can occasionally reach overhead. She must avoid concentrated exposure to extreme cold, extreme heat, and vibrations, and must never be exposed to unprotected heights or dangerous, unprotected

---

citations are to the CM/ECF pagination.

  machinery. She can understand, remember, and carry out simple tasks but not at an assembly line rate; can make simple work-related decisions; can have occasional work-related interactions with coworkers and supervisors, and rare work related interaction with the general public (defined as five percent or less of an eight-hour workday); and can have occasional changes in the work setting.

AR 19-20.[3] At step four, the ALJ found that Plaintiff could not perform any past relevant work. See AR 29. At step five, based on the testimony of a vocational expert, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, including marker (Dictionary of Occupational Titles ("DOT") #209.587-034), checker I, clerical (DOT #222.687-010), and router (DOT #222.587-038). See AR 30. Consequently, the ALJ concluded that Plaintiff is not disabled. See AR 31.

  The Appeals Council denied review of this decision. See AR 1-6. Plaintiff then sought judicial review from this Court. See Dkt. 1.

## II. LEGAL STANDARD

  A district court will set aside a denial of benefits only if "it is either not supported by substantial evidence or is based on legal error." Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018) (citation omitted). Under the substantial-evidence standard, the district court looks to the existing administrative record and determines "whether it contains sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citation omitted) (cleaned up). "Substantial" means "more

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.967(b).

than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation omitted). This threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." Id. at 1154, 1157. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## III. DISCUSSION

The parties' sole dispute is whether the ALJ adequately considered the impact of Plaintiff's obesity on her physical conditions, as required under Social Security Ruling ("SSR") 19-2p. See Dkt. 11, Plaintiff's Opening Brief ("Pl.'s Br.") at 1; Dkt. 12, Defendant's Brief ("Def.'s Br.") at 3.[4]

### A.  Applicable Law

"The ALJ is required to consider all of the limitations imposed by a claimant's impairments, even those that are not severe." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing SSR 96-8p (1996)). Even though a non-severe "impairment[ ] standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." Id. (citation omitted); see also 42 U.S.C. § 423(d)(2)(B) (explaining that Commissioner "shall consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of such severity" to establish eligibility for benefits).

SSR 19-2p outlines the evaluation of obesity in disability claims. See

---

[4] Plaintiff did not file a reply brief, and the time for filing has expired. See Rule 8, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

SSR 19-2p (2019). It provides that "[o]besity in combination with another impairment(s) may or may not increase the severity or functional limitations of the other impairment." SSR 19-2p. Thus, when a claimant alleges disability based in part on obesity, the ALJ must "evaluate each case based on the information in the record" without making "general assumptions about the severity or functional effects of obesity combined with another impairment(s)." Id. Ultimately, however, the "claimant bears the burden of proving that she is disabled." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (citation omitted).

**B.    Analysis**

At step two, the ALJ discussed Plaintiff's obesity as follows:

> [Plaintiff] underwent gastric bypass surgery and has had a body mass index over 30 [(AR 425, 427, 445, 457, 468, 536, 1521)]. I considered the potential impact of obesity in causing or contributing to co-existing impairments as required by Social Security Ruling 19-2p. However, there is no evidence of it causing more than minimal effects on her pulmonary, musculoskeletal, endocrine, or cardiac functioning during the period at issue. Accordingly, [Plaintiff's] obesity, status post gastric bypass, is also a non-severe impairment.

AR 18.[5]

Plaintiff, citing the Ninth Circuit's decision in Celaya v. Halter, 332 F.3d 1177 (9th Cir. 2003), argues that this analysis is inadequate because it "fails to discuss the nature, severity and functions effects" of Plaintiff's obesity. Pl.'s Br. at 6.[6] In Celaya, the court found error where the ALJ failed to recognize the

---

[5] Later in the decision, the ALJ also noted that Plaintiff "reported being more active and losing weight" during a pain management appointment. AR 24 (citing AR 657).

[6] The Commissioner argues that the ALJ's decision should be affirmed because Plaintiff failed to identify what step(s) of the ALJ's decision were impacted by this alleged error. See Def.'s Br. at 3. From a review of Plaintiff's

claimant's obesity as an independent condition and failed to determine, either explicitly or implicitly, the effect of obesity on the claimant's ability to work. See 332 F.3d at 1181-83. Here, by contrast, the ALJ both (1) recognized Plaintiff's obesity as an independent medically determinable impairment and (2) explicitly addressed Plaintiff's obesity, finding that there was no evidence that it caused more than minimal effects. See AR 18 ("I considered the potential impact of obesity in causing or contributing to co-existing impairments as required by Social Security Ruling 19-2p.").[7]

While Plaintiff claims that the ALJ's assessment is insufficient, she fails to identify any evidence of functional limitations that the ALJ failed to consider. See generally Pl.'s Br. at 5-8. Instead, Plaintiff merely "disagrees" with the ALJ's assessment and points to evidence in the record of comorbidities that can be exacerbated by obesity.[8] See, e.g., id. at 5 (noting

---

brief, the Court understands Plaintiff to argue that the ALJ erred in determining Plaintiff's RFC (between steps three and four). See, e.g., Pl.'s Br. at 7 ("If the full impact of Plaintiff's obesity was considered, she could have easily been deemed as having an RFC that is less than sedentary due to pain and fatigue."). Accordingly, the Court rejects the Commissioner's argument.

[7] Unlike the plaintiff in Celaya, Plaintiff in this case was represented by counsel. See Celaya, 332 F.3d at 1183 (noting that because claimant was not represented by counsel and "likely never knew that she could assert obesity as a partial basis for her disability," the ALJ had a heightened duty to develop the record).

[8] Plaintiff appears to argue that the ALJ mischaracterized her obesity by saying she "has had a body mass index over 30," see AR 18, because the record shows that Plaintiff's BMI "frequently exceeded 40, which is considered morbidly obese (AR 1520-21, 1526, 1801)" and that "[a]t one point, her BMI exceeded 50 (AR 1526)." Pl.'s Br. at 6. Plaintiff offers no further explanation as to how the ALJ's characterization was harmful. Regardless, Plaintiff's BMI is not, by itself, indicative of disability. See SSR 19-2p ("No specific weight or BMI establishes obesity as a severe impairment within the disability

that Plaintiff's severe impairment of fibromyalgia causes musculoskeletal pain and that "musculoskeletal pain has been identified in SSR 19-2p identifies [sic] as a condition exacerbated by obesity"), 6 (noting that "SSR 19-2p states that pain could limit functioning" and that Plaintiff was advised to lose weight in order to improve fibromyalgia condition) (citing AR 434, 564, 662, 1458, 1519-1526, 1805), 7 (noting that Plaintiff suffered from degenerative disc disease and radiculopathy and that "SSR 19-2p recognizes her back pain as a condition that can be worsened by obesity") (citing AR 654, 1487-88, 1526, 1791-1807).

 None of the records Plaintiff cites indicates that her impairments are exacerbated by her obesity; in fact, many of these treatment notes make no mention of her obesity. See, e.g., AR 1487-88 (pain management treatment notes). Importantly, moreover, these treatment notes do not show functional limitations beyond those included in Plaintiff's RFC. See, e.g., AR 1458-63 (orthopedic evaluation noting Plaintiff's complaints of joint pain, listing morbid obesity as a diagnosis, but opining that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, can stand/walk or sit for six hours in an eight-hour workday, and can occasionally push, pull, or lift at or above shoulder level with left extremity).

 Plaintiff also insists that her obesity must have caused more than minimal limitations because she underwent a gastric bypass procedure and because she has been specifically advised to lose weight and has received diet counseling for her obesity. See Pl.'s Br. at 6-7 (citing AR 425, 518, 550, 717, 724, 732, 854). This argument is not convincing. As an initial matter, Plaintiff's gastric bypass procedure appears to have taken place years before her alleged onset date, see AR 426, and Plaintiff points to no evidence of ongoing limitations caused by this procedure. Moreover, the mere fact that

program.").

Plaintiff's treatment providers recommended that she lose weight does not suffice to show functional limitations stemming from Plaintiff's obesity.

Finally, Plaintiff claims that her testimony and reports of pain and fatigue in the record demonstrate that her conditions "have been severely impacted by her morbid obesity." Pl.'s Br. at 7 (citing AR 56, 323-24, 811, 815). For example, she highlights that she testified to being so fatigued that she cannot get out of bed at times. See AR 56. She argues that if the ALJ had considered the full impact of Plaintiff's obesity as she alleged, Plaintiff "could easily have been deemed as having an RFC that is less than sedentary due to pain and fatigue." Pl.'s Br. at 7. The Court disagrees.

In the decision, the ALJ summarized Plaintiff's testimony, including her reported fatigue and difficulty getting out of bed, see AR 21, but then partially discredited Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms" on the ground that they were "not entirely consistent with the medical evidence and other evidence in the record." AR 22. The ALJ went on to discuss the medical record evidence in detail and explained why it was inconsistent with Plaintiff's testimony. See, e.g., AR 26 ("[W]hile [Plaintiff] has been treated for fibromyalgia, and has taken numerous pain medications, her physical examinations are often unremarkable. . . . [Plaintiff] has reported her pain was controlled on her medications, and her doctors have encouraged her to reduce her use of opioid pain medication, if possible, as it was likely causing or contributing to some of her symptoms.").

As the Commissioner correctly notes, Plaintiff did not challenge the ALJ's credibility determination in her opening brief and has thus waived any such argument. See Def.'s Br. at 6; see also Carmickle, 533 F.3d at 1161 n.2 (declining to address issue because appellant "failed to argue this issue with any specificity in his briefing"). Moreover, the ALJ specifically considered Plaintiff's alleged pain and factored it into her RFC. See AR 29 ("I have also

8

accounted for [Plaintiff's] pain and the effects of her impairments in combination in including the above stated postural activity and environmental limitations."); see also AR 23-24 (discussing Plaintiff's reports of pain and pain management treatment).

In sum, Plaintiff fails to point to relevant evidence showing that her obesity exacerbated her other impairments or caused her functional limitations not already reflected in her RFC. Plaintiff therefore fails to show reversible error. See Burch, 400 F.3d at 684 ("[Plaintiff] has not set forth, and there is no evidence in the record, of any functional limitations as a result of her obesity that the ALJ failed to consider."); Tsosie v. Berryhill, 717 Fed. App'x 680, 682 (9th Cir. 2017) (affirming ALJ's consideration of claimant's obesity and distinguishing Celaya where claimant failed to show that ALJ "ignored any relevant evidence of obesity that could have affected his residual functional capacity determination").

## IV. CONCLUSION

The ALJ's denial of benefits is affirmed and this case is dismissed with prejudice.

Date: October 26, 2023

DOUGLAS F. McCORMICK
United States Magistrate Judge